463 So.2d 998 (1985)
In the Matter of the COMMITMENT OF VA.[*]
No. 84-112.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Paul Young, Pineville, for defendant-appellant.
Vivian L. Whittle, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
Respondent-appellant, V A, was admitted to the Central Louisiana State Hospital on September 1, 1982, in compliance with a Physician's Emergency Certificate.
A hearing was held on September 27, 1982, pursuant to a petition to judicially commit the appellant to Central Louisiana State Hospital for treatment of her mental condition. A judgment ordering the appellant committed was signed following the hearing.
Shortly thereafter, a transfer order was signed by the committing court transferring Ms. A from Central Louisiana State Hospital to the Lakeland Nursing Home. The transfer order stated that Ms. A had reached the maximum benefits available at Central Louisiana State Hospital, but, because she was still unable to function and live alone she was to be transferred to and maintained in an appropriate facility.
On October 31, 1983, pursuant to La. R.S. 28:56(B), an annual review hearing was held in order to determine whether this patient required continued judicial commitment.
The district judge determined that this patient was mentally ill which caused her to be gravely disabled and ordered her *999 commitment affirmed and recommitted her to Lakeland Nursing Home.
In order for a district court to commit a person to a facility for the care and treatment of a mental disease that court must find by "... clear and convincing evidence that the respondent is dangerous to self and others or is gravely disabled, as a result of substance abuse or mental illness..." La. R.S. 28:55E.
Should the court conclude that commitment is necessary it shall order the respondent committed to a "... designated treatment facility which is medically suitable and least restrictive of his liberty." La. R.S. 28:55E.
Ms. A contends that the district court was in error for recommitting her to the Lakeland Nursing Home. The appellant argues that at the annual review hearing on October 31, 1983, the petitioner did not prove by clear and convincing evidence that the patient was mentally ill and/or gravely disabled. Alternatively, appellant contends that Lakeland Nursing Home was not the least restrictive medically suitable facility for her care.
Whether a person is mentally ill and/or gravely disabled, or whether a particular facility is the least restrictive are factual determinations to be made by the trial court. Before an appellate court can disturb the factual determinations of the trial court, it must be determined that the finding of fact is manifestly erroneous and has no reasonable basis. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The record reveals that V A is a 51 year old female with a long history of mental illness. She has been admitted to the Central Louisiana State Hospital 14 times since the age of 16.
Doctor Charles L. Saint, a psychiatrist, testified at the October 31, 1983 review hearing. He testified that Ms. A "was not suffering from any present mental illness" but rather that she was in a state of "remission". A Physician's Report to the Court prepared by Doctor Saint was filed into the record. In that report Doctor Saint stated that the patient's mental illness was "... under control at present only on the basis of taking adequate and proper medication" and that "... no psychotic symptoms are present."
Webster's Third New International Dictionary defines remission as "a temporary abatement of the symptoms of a disease". Taking the record as a whole, we understand Doctor Saint's testimony and the Physician's Report to the Court to conclude that Ms. A is mentally ill, however, due to properly administered medication none of the symptoms of her disease are noticeable, and that the symptoms of her mental illness are only temporarily abated and will resurface without proper care and medication.
Doctor Saint further testified that should Ms. A's symptoms resurface it would make her gravely disabled and that Lakeland Nursing Home is the least restrictive facility available in which Ms. A could receive the proper treatment to keep the symptoms of her mental illness from recurring.
The only witness testifying for the respondent was Ms. A. She could only testify that if released from commitment that she would live with her family and take her medication. However, according to Doctor Saint, Ms. A's medical history refutes her testimony that she would take her medication responsibly. Doctor Saint testified that Ms. A has a history of refusing medication and overtaking her medication when not in the custody of a mental health facility.
We hold that the district court's factual determinations that Ms. A was mentally ill and gravely disabled and that Lakeland Nursing Home was the least restrictive facility for her internment were not manifestly erroneous.
Ms. A's history of mental illness, her present state of remission, and inability to properly medicate herself lead us to the conclusion that if she were not recommitted to the custody of Lakeland Nursing Home that she would have a recurrence of the symptoms of her psychosis.
We conclude that the testimony and evidence is clear and convincing that Ms. A is *1000 mentally ill in view of the fact that her disease has not been cured but is only in remission. She is still presently mentally ill. There is only an abatement of the symptoms of her disease.
We further determine that the evidence is clear and convincing that Ms. A is gravely disabled in light of the fact that she would have a recurrence of the symptoms of her psychosis if she did not take her medication. Ms. A has a history of irresponsibility when she is accountable for her own medication; this results in her reverting from a state of remission to a psychotic state. Ms. A's past record of unreliable self-care leads us to conclude that she is clearly unable to care for herself and provide herself with essential medical care. We find her to be gravely disabled.
Furthermore, we find that Lakeland Nursing Home is the least restrictive facility for Ms. A's care. Doctor Saint testified as such. Ms. A testified that she would move in with her children if released. However, none of the children testified that they would see to it that Ms. A would be administered medication either as an out-patient or by the children themselves.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against respondent.
AFFIRMED.
NOTES
[*] For obvious reasons, the full name of the respondent is reduced to initials.